# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| MARVIN and KIMBERLY CHRISMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 5:16-cv-06144-DGK |
| ) | |
| RMH FRANCHISE HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING IN PART MOTION TO AMEND THE SCHEDULING ORDER

This lawsuit arises from a slip-and-fall accident at an Applebee's restaurant in St. Joseph, Missouri. Now before the Court is Defendant's Motion to Bar Plaintiff's Expert Dr. Ray Cunningham (Doc. 58) and Plaintiffs' Motion for an Amended Scheduling Order (Doc. 60) to substitute medical experts. Plaintiffs seek to amend the scheduling order to name a new medical expert, Dr. Cunningham, M.D., because their present medical expert suffered a serious illness and is no longer able to testify. Defendant opposes the request, arguing that allowing substitution will irrevocably prejudice it because its expert has already submitted his report criticizing the previous expert's work for inaccuracies and inconsistencies, and that the new expert should be barred because he was named after the deadline to disclose expert witnesses.

### Standard

Where, as here, a party seeks to name a new expert after the deadline to disclose expert witnesses has expired, it must show good cause under Rule 16(b). *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Rule 16 provides a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Sherman*,

532 F.3d at 715. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).

**Background**

The events leading up to the pending motions are as follows. Under the original scheduling order, the deadline for Plaintiffs to designate an expert witness was May 25, 2017. On that date, Plaintiffs named Dr. Garth Russell, M.D., as their medical expert.

On July 24, 2017, the Court granted the parties' joint motion to amend the scheduling order to give them more time to conduct discovery because of Plaintiff Marvin Chrisman's ongoing hospitalization and health problems.

On September 14, 2017, Defendant moved to amend the scheduling order to give it more time to designate its expert medical witness and to depose Plaintiffs' expert. Plaintiff opposed the request on the ground that Defendant had simply failed to pursue discovery diligently throughout the summer and early fall.

Subsequently, sometime in the latter part of October, Plaintiff learned that Dr. Russell had become seriously ill and would probably not be available to testify. On October 27, 2017, Plaintiffs notified Defendant of this development via email.

Also on October 27, the Court granted Defendant's request to amend the scheduling order. In granting the request, the Court noted that "while the Court agrees Defendant could have been more diligent in pursuing discovery," the proposed extension was reasonable given Mr. Chrisman's worsening medical condition and lengthy hospitalization. Order at 2 (Doc 42). The Court set November 15, 2017, as the deadline for Defendant to designate its expert; December 15, 2017, as the deadline for both parties to depose the opposing party's expert; and December 8, 2017, as the deadline to file discovery motions.

Sometime in November or December of 2017, the parties dispute exactly when, Plaintiffs informed Defendant that Dr. Russell would be replaced by Dr. Cunningham, Dr. Russell's partner, and that Dr. Cunningham generally concurred with Dr. Russell's report. They did not, however, provide any expert report from Dr. Cunningham.

On December 19, 2017, Defendant filed the pending motion to bar Dr. Cunningham's testimony. That same day, Plaintiff emailed Defendant Dr. Cunningham's expert report along with a list of dates he was available to be deposed. The next day, December 20, 2017, Plaintiffs moved to amend the scheduling order to allow them to substitute Dr. Cunningham for Dr. Russell.

**Discussion**

With respect to Rule 16, the Court notes there is no dispute that Dr. Russell unexpectedly became seriously ill and that he will not be available to testify, thus the Court finds there is good cause to amend the scheduling order to allow Plaintiff to substitute a new expert. Under the circumstances, Dr. Cunningham is a reasonable substitution. As for prejudice to Defendant, the Court finds any potential prejudice it faced will be cured by amending the scheduling order and postponing the trial to allow Defendant additional time to investigate and depose Dr. Cunningham, and, if necessary, file a *Daubert* motion.[1]

The Court also finds there has not been undue delay on Plaintiffs' part in filing the motion to amend. Although Plaintiffs could have, and probably should have, filed the motion once it became clear they would need to substitute experts, the Court cannot say that under the circumstances the delay rose to the level of being "undue."

---

[1] The Court gives little weight to Defendant's suggestion that it will be prejudiced by the substitution because its expert has already filed his report criticizing Dr. Russell's report as filled with errors, errors the new expert will likely avoid or address in his report, thus removing an arrow from Defendant's litigation quiver. The Court gives this claim little weight because if Dr. Russell's report was as bad as Defendant suggests, Defendant likely would have filed a *Daubert* motion to exclude his testimony, and it did not.

Accordingly, Plaintiffs' motion to amend (Doc. 60) is GRANTED IN PART. Plaintiffs are granted leave to substitute Dr. Cunningham for Dr. Russell as an expert witness. Additionally, the Court amends the Scheduling and Trial Order (Doc. 11) and the Amended Scheduling and Trial Order (Doc. 31) as follows:

1. Defendant may designate additional, or alternate, expert witnesses. Any such additional or alternate expert designations shall be filed on or before January 19, 2018.

2. All depositions and other discovery of expert witnesses shall be completed on or before February 16, 2018.

3. Any discovery motions related to this expert discovery shall be filed on or before February 9, 2018.

3. Dispositive motions shall be filed on or before February 23, 2018.

4. Motions to strike expert designations shall be filed on or before February 23, 2018.

5. The trial is rescheduled to commence at 8:00 a.m. on **Tuesday June 19, 2018.**

All other deadlines in the Scheduling and Trial Order, as altered by the Amended Scheduling and Trial Order, remain in full force and effect.

Defendant's motion to prohibit Dr. Cunningham from testifying (Doc. 58) is DENIED.

**IT IS SO ORDERED.**

Date: January 12, 2018                  /s/ Greg Kays
                                                      GREG KAYS, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT